## McGIRR v. CAMPBELL.

(Supreme Court, Appellate Division, First Department.    January 5, 1900.)

PLEADING—BILL OF PARTICULARS.

> Where the bill of particulars in an action for breach of defendant's contract not to again engage in the business of hauling manure, stated that plaintiff was damaged in a lump sum, by being deprived of contracts for trucking from stables from which he had formerly trucked, and which were now served by defendant, and that he had lost profits which he would otherwise have made from selling the manure from such stables, amounting to another lump sum, neither of such items were sufficiently specific to enable defendant to prepare for trial; and hence an order requiring plaintiff to file a further bill of particulars, stating the stables from which he had formerly carted manure, and which were now served by defendant, should have been granted.

Appeal from special term, New York county.

Action by William J. McGirr against Bernard Campbell, in which plaintiff filed a complaint alleging that on September 29, 1896, one Michael McGirr, deceased, plaintiff's father, was defendant's partner in a firm engaged in gathering, shipping, and selling manure in the city of New York, and that such firm owned a large amount of personal property, consisting of trucks, horses, scows, tugs, etc., and the good will of such business, which business defendant continued to carry on after the death of plaintiff's father; that plaintiff entered into the same business, and thereafter, at defendant's request, purchased the property used by him, and formerly belonging to such firm; whereupon defendant agreed that he would not again enter into the business of gathering, shipping, and selling manure in the city of New York for a period of 27 months, and that in breach of such agreement defendant did again enter into such business, by reason whereof plaintiff suffered damages in the sum of $15,100; to which complaint was attached the following bill of particulars:

| | |
|---|---:|
| Damage to plaintiff by reason of being deprived of contracts for trucking manure away from stables in the city of New York from which plaintiff formerly carted manure, but which stables are now served by defendant, during the times mentioned in the eighth paragraph of the complaint. | $1,878 50 |
| Damage by reason of loss of profits which plaintiff would have made by selling manure received from stables from which he formerly received manure, but from which the defendant now receives the manure, during the times mentioned in the eighth paragraph of the complaint. | 3,685 00 |
| Damage to plaintiff by reason of being compelled to truck manure at a less price, on account of the competition of the defendant, during the times mentioned in the eighth paragraph of the complaint | 1,743 00 |
| Damage resulting to plaintiff by reason of being compelled to sell manure at a less price, during the times mentioned in the eighth paragraph of the complaint, by reason of defendant's competition | 7,803 00 |
| | $15,110 00 |

Thereafter defendant moved for a further bill of particulars, setting forth the items of plaintiff's damage, on the ground that the same was indefinite, and to require plaintiff to set forth in detail and in particular the items of damage, which are placed in several

lump sums in the bill of particulars served. From an order denying the motion, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, and INGRAHAM, ·JJ.

McCrea, Somerville & Taylor (George H. Taylor, Jr., of counsel), for appellant.

Ernest F. Eidlitz (Frederick Hulse, of counsel), for respondent.

PER CURIAM. Neither the first nor the second item of the bill of particulars is sufficiently specific to enable the defendant to prepare for trial in regard to those items. The order should be modified by requiring the plaintiff to state particularly the stables from which he formerly carted manure, and which are now served by the defendant, and as so modified it should be affirmed, without costs to either party in this court.